IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**SAMUEL BURWELL, JR.**                                            **PLAINTIFF**

V.                  No. 3:21-CV-00180-ERE

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                            **DEFENDANT**

## ORDER

Plaintiff, Samuel Burwell, Jr., appeals the final decision of the Commissioner of the Social Security Administration denying his Title II application for disability insurance benefits. For reasons set out below, the decision of the Commissioner is AFFIRMED.

I.      **BACKGROUND**

On December 8, 2018, Mr. Burwell protectively filed an application for benefits due to torn tendons in both elbows, diabetes mellitus, hypertension, and lumbar disc disease. *Tr. 13, 175*.

At Mr. Burwell's request, an Administrative Law Judge ("ALJ") held a hearing on October 5, 2020, where Mr. Burwell appeared with his lawyer, and the ALJ heard testimony from Mr. Burwell and a vocational expert ("VE"). *Tr. 28-43*. The ALJ issued a decision on October 27, 2020, finding that Mr. Burwell was not disabled. *Tr. 13-21*. The Appeals Council denied Mr. Burwell's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6*.

Mr. Burwell, who was fifty-three years old at the time of the hearing, has a GED, and past relevant work experience as a construction worker. *Tr. 29, 40, 176.*

## II.   THE ALJ's DECISION[1]

The ALJ found that Mr. Burwell had not engaged in substantial gainful activity since July 24, 2018 and he has the following severe impairments: disorder of tendons of the elbows, degenerative disc disease, diabetes mellitus, and impaired vision. *Tr. 15.* However, the ALJ found that Mr. Burwell did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 16.*

According to the ALJ, Mr. Burwell had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only occasional reaching in all directions; (2) occasional stooping, crouching, crawling, kneeling, balancing, and climbing; (3) no reading text smaller than newsprint; and (4) no exposure to hazards such as unprotected heights, moving machinery, or open flames. *Tr. 16.*

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

In response to hypothetical questions incorporating the above limitations, the VE testified that there were unskilled jobs available with these limitations, such as attendants at amusement or recreation facilities. *Tr. 40-41*. Accordingly, the ALJ determined that Mr. Burwell could perform a significant number of jobs existing in the national economy, and found he was not disabled.

### III. DISCUSSION

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.    Mr. Burwell's Arguments for Reversal

#### 1.    The ALJ's Erred in His Treatment of the Opinion Evidence

Mr. Burwell asserts that the ALJ erred in discounting the opinion of his treating physician, Dr. Abullah Arshad. In a July 2018 letter, Dr. Arshad noted that Mr. Burwell should not lift more than 30 pounds and should avoid excessive bending and stooping because of his lumbar disc disease, back pain, hypertension, and diabetes. *Tr. 252*. In a December 2019 medical source statement, Dr. Arshad surmised that Mr. Burwell could lift no more than 10 pounds; could stand, walk, or sit for six hours in an eight-hour day; would need frequent, longer-than-normal breaks; would need to sit and stand at will; should be restricted from any reaching; and would need to avoid concentrated exposure to environmental conditions such as extreme cold, heat, of fumes. *Tr. 432-433*. In a December 24, 2019 letter, Dr. Arshad asserted that Mr. Burwell's back pain, arm pain, and elbow weakness make him "unable to carry out gainful functional employment at this time." *Tr. 436*.

The ALJ rejected these opinions explaining that they were "neither valuable nor persuasive." He noted that Dr. Arshad's opinions were:

> unsupported by treatment notes and there is no diagnostic imaging corroborating the claimant's condition. His note reported the claimant was able to lift up to 30 pounds. It is inconsistent with the prior administrative medical finding and with the claimant's exceptional record of physical therapy regaining his functioning after surgery.

*Tr. 19*.

Additionally, Dr. Arshad's December 2019 statement was simply a check-box form. The Eighth Circuit has held that medical assessments that "consist of nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses, [and] cite no medical evidence and provide little to no elaboration . . . possess 'little evidentiary value.'" *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (citing *Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014)). Additionally, when the treating doctor's opinion is only checked boxes without explanation, "that basis alone" is sufficient to support the ALJ giving the "assessment little weight and relying more heavily on other opinions in the record." *Thomas*, 881 F.3d at 675. The ALJ properly addressed Dr. Arshad's conclusions and explained his reasons for discounting them.

### 2. The ALJ's RFC is Not Supported by the Record

Mr. Burwell asserts that the RFC is not supported by the evidence because the record shows that "even after surgery and physical therapy, [his] elbows remained problematic." *Doc. 10*. Mr. Burwell points to his physical therapist's notes that he was still having elbow pain and stiffness. He also refers to complaints of back pain in July 2018 and March 2020.

However, other evidence supports the ALJ's finding. The ALJ noted that after physical therapy in May and June 2019, Mr. Burwell had "resumed all activities before his injury . . . was walking 2 miles in 30 minutes daily . . . was mowing the

lawn and having a job when released from care at Hayti Water Department." *Tr. 18, 328, 337.* See *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) ("We have held that acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility.") (citation omitted). The treatment notes also indicated only "mild difficulty" on recreational activities and heavy household chores. *Tr. 329.* The physical therapist noted that Mr. Burwell "should have no problem lifting objects [from] floor [to] chest that are heavy." *Tr. 342.* In a June 4, 2019 follow-up visit, Mr. Burwell's treating doctor noted that Mr. Burwell was "very pleased with his overall outcome . . . [and] was discharged from physical therapy due to excellent function." *Tr. 358.* "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

The notes also indicated that "[n]o permanent restrictions [were] necessary" and Mr. Burwell "was released to full-duty work and full activities outside of work as well." *Tr. 358-59.* A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003).

Thus, the evidence supports the ALJ's RFC and contradicts Mr. Burwell's argument that the RFC exceeds his physical abilities.

### 3. The ALJ's Consistency Analysis Was Inadequate.

Mr. Burwell argues that the ALJ discussed none of the *Polaski* factors and failed to acknowledge his "unbroken history of steady earnings from 2003 to 2018." *Doc. 10*. The Eighth Circuit does not require the ALJ to explicitly discuss each of the *Polaski* factors in the written decision as long as it is clear that they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). Although Mr. Burwell has a strong work history, which was discussed at the hearing, the ALJ properly considered the fact that Mr. Burwell stopped working because his company moved, not because of his alleged physical impairments. *Tr. 33*. *Black v. Apfel*, 143 F.3d 383, 387 (8th Cir. 1998) (finding it proper for an ALJ to offset a lengthy work history with the fact that claimant was "laid off from [his] position, rather than forced out due to [his] condition.").

Contrary to Mr. Burwell's argument, the ALJ's evaluation appropriately considered the *Polaski* factors in determining that his complaints were not entirely consistent with the record. A significant factor supporting the ALJ's decision was the inconsistency between Mr. Burwell's complaints and his admitted activities. Again, Mr. Burwell testified at the hearing that he was unable to do any household chores and does no walking. *Tr. 18, 30*. However, as noted earlier, the treatment notes indicated only "mild difficulty" on recreational activities and heavy household chores and showed that Mr. Burwell had "resumed all activities before his injury"

7

including "walking 2 miles in 30 minutes daily" and mowing his yard. *Tr. 18, 328, 329, 337*. The ALJ properly noted that Mr. Burwell's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but his comments regarding the "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Tr. 19*.

Although an ALJ must consider a claimant's work history when evaluating his credibility, the ALJ's failure to explicitly discuss the claimant's work history, standing alone, is not error. *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005).

Based on the record as a whole, there was sufficient evidence to support the ALJ's finding that Mr. Burwell's physical impairments were not disabling.

## IV.  CONCLUSION

The ALJ applied proper legal standards in evaluating Mr. Burwell's claims, and substantial evidence supports the decision to deny benefits.

Accordingly, Mr. Burwell's appeal is DENIED and judgment will be entered for the Commissioner. The Clerk of Court is directed to close the case.

IT IS SO ORDERED this 29th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE